FILED

2015 JUL -6 PM 2: 44

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL JOHNSON,

    Plaintiff,

-VS-

CREDIT PROTECTION ASSOCIATION,
L.P.,

    Defendant.
_____/

CASE NO.:

6:15-CV-1087-ORL-41KRS

**JURY TRIAL DEMANDED**

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like Credit Protection Association, L.P. (hereinafter "CPA") from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

1

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint occurred in Volusia County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Volusia County.

9. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

12. Defendant, CPA, is a corporation with its principal place of business at 13355 Noel Rd, Suite 2100, Dallas, TX 75380 and conducting business in the state of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

13. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

15. CPA called the Plaintiff approximately seventy-five (75) times since February, 2015, in an attempt to collect a debt.

16. CPA attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

17. CPA intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

18. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

19. Each call CPA made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

20. Each call CPA made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

21. Beginning on or about February 2015, Plaintiff began receiving automated calls from CPA to his cellular telephone number of (***) ***-9057 attempting to collect a debt.

22. After receiving a many of the unwanted robocalls from CPA, Plaintiff answered a call in February 2015 and spoke to an unknown agent. During said conversation Plaintiff became heated with the agent due to the continual harassment and informed CPA'S agent that he did not want to be called ever again and hung up on CPA.

23. Despite Plaintiff clearly instructing CPA to stop calling, CPA continued its robocall campaign against Plaintiff.

24. Due to the voluminous amount of calls Plaintiff received he was not able to keep track of every one, however below is a small sampling of the calls he received after he had instructed CPA to cease calling:

i) Three (3) calls on March 13, 2015 at 9:17am, 1:58 pm and 5:53pm

ii) Two (2) calls on March 14, 2015 at 10:11am and 2:07pm

iii) Two (2) calls on March 20, 2015 at 11:07am and 2:59pm

iv) Two (2) calls on March 21, 2015 at 10:12am and 2:02pm

v) One (1) call on March 25, 2015 at 6:41pm

vi) Three (3) calls on March 26, 2015 at 9:59am, 2:18pm and 6:09pm

vii) One (1) call on March 27, 2015 at 10:02am

viii) One (1) call on March 28, 2015 at 11:41am

ix) Three (3) calls on March 30, 2015 at 9:12am, 4:24pm and 8:14pm

x) Two (2) calls on March 31, 2015 at 3:42pm and 7:33pm

xi) One (1) call on April 2, 2015 at 3:21pm

xii) One (1) call on April 4, 2015 at 10:53pm

xiii) Two (2) calls on April 6, 2015 at 2:11pm and 6:03pm

xiv) Two (2) calls on April 7, 2015 at 2:23pm and 6:13pm

xv) One (1) call on April 10, 2015 at 3:48pm

xvi) One (1) call on April 11, 2015 at 11:52am

xvii) Two (2) calls on April 13, 2015 at 3:36pm and 7:27pm

xviii) One (1) call on April 14, 2015 at 2:32pm

xix) Two (2) calls on April 15, 2015 at 3:30pm and 7:21pm

xx) Two (2) calls on April 16, 2015 at 2:17pm and 7:07pm

xxi) One (1) call on April 17, 2015 at 2:21pm

xxii) One (1) call on April 18, 2015 at 2:51pm

xxiii) Two (2) calls on April 22, 2015 at 2:52pm and 6:43pm

xxiv) One (1) call on April 24, 2015 at 2:23pm

xxv) One (1) call on April 25, 2015 at 11:12am

xxvi) One (1) call on April 27, 2015 at 3:50pm

xxvii) One (1) call on April 28, 2015 at 2:14pm

xxviii) Two (2) calls on April 29, 2015 at 2:11pm and 6:05pm

xxix) One (1) call on April 30, 2015 at 3:33pm

xxx) Two (2) calls on May 1, 2015 at 1:50pm and 5:41pm

25. CPA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

26. CPA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CPA, to remove the number.

27. CPA'S corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to CPA that they wish for the calls to stop.

28. CPA has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

29. In total, since 1998, CPA has been sued one hundred and ninety-eight times in Federal Court alone (See Attached Exhibit "1").

30. CPA has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call them after they have requested for it to stop.

31. CPA has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

32. Since 2013, the Consumer Financial Protection Bureau (www.consumerfinance.gov) has received thirty-six (36) complaints against CPA categorized under "Communication tactics" or "Improper contact or sharing of info" (See Attached Exhibit "2").

33. CPA'S corporate policy provided no means for the Plaintiff to have his number removed from the call list.

34. CPA has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties wish for the calls to stop.

35. Plaintiff did not expressly consent to CPA'S placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to CPA'S placement of the calls.

36. None of CPA'S telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

37. CPA willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff incorporates Paragraphs one (1) through thirty-seven (37).

39. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

40. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

41.     CPA repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CPA for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

42.     Plaintiff incorporates one (1) through thirty-seven (37).

43.     At all times relevant to this action CPA is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

44.     CPA has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

45.     CPA has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

46.     CPA'S actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CPA for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

47.     Plaintiff incorporates one (1) through thirty-seven (37).

48.     At all times relevant to this action CPA is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

49.     CPA has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

50.     CPA has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

51.     CPA has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CPA for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/*

William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff

8